J-S26014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| XAVIER J. RAMOS | |
| Appellant | No. 1746 MDA 2016 |

Appeal from the PCRA Order October 11, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001648-2013

BEFORE:  BOWES, DUBOW, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 23, 2017**

Xavier Ramos appeals from the October 11, 2016 order denying him PCRA relief.  We affirm.

We previously set forth the facts underlying Appellant's conviction in our decision denying relief on direct appeal.

> On July 29, 2013, the victim, M.W., was thirteen years old. She spent the previous night sleeping on the sofa in Appellant's house because she was babysitting for Appellant and his wife's young child. Appellant and his wife are M.W.'s uncle and aunt.
>
> After M.W. awoke, Appellant carried her to his bedroom, placed her on his bed, and left. M.W. laid on the bed and watched Appellant's children play a computer game in the bedroom. Appellant reentered the room, laid behind M.W. on the bed and began to "hump" her from behind by rubbing his penis against her buttocks. He also placed his hand down M.W.'s pants and began to move it sideways on her labia. At trial, M.W. testified that she did not say anything at the time because she was scared and in shock. The entire incident lasted approximately

* Former Justice specially assigned to the Superior Court.

eight minutes after which M.W. went to the bathroom. When M.W. returned from the bathroom, Appellant picked her up, spun her around, and told her that he loved her.

*Commonwealth v. Ramos*, 135 A.3d 668 (Pa.Super. 2015) (unpublished memorandum). Appellant's jury trial proceeded in his absence when he failed to appear. He was convicted of aggravated indecent assault, corruption of minors, and indecent assault, and received an aggregate sentence of six to fifteen years incarceration. Appellant did not seek further review of our decision.

Appellant thereafter filed a *pro se* petition for PCRA relief. Appointed counsel filed an amended petition, which was denied following an evidentiary hearing. Appellant filed a timely notice of appeal and complied with the PCRA court's order to file a concise statement. The court issued its opnion in response and the matter is now ready for our review. Appellant raises two issues for our consideration.

I.    Trial counsel was ineffective for failing to adequately review discovery materials and to conduct independent interviews of witnesses named in those materials.

II.   Trial counsel was ineffective for failing to investigate, develop, and present mitigating evidence at sentencing as to Defendant's life history and background.

Appellant's brief at 4.

"[W]e review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa.Super. 2017)

- 2 -

(quoting *Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015)). Both of Appellant's claims allege that the PCRA court erred in not finding that trial counsel was ineffective. To obtain relief on an ineffective assistance of counsel claim, the PCRA petitioner must establish that "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different." *Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (citing *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001)). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 99 (Pa. 1998). A PCRA court's legal conclusions, however, are reviewed *de novo*. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011).

Appellant's first assignment of error attacks trial counsel's purported failure to investigate Appellant's stepchildren, T.L. and C.L., as potential witnesses. As a general proposition, the Sixth Amendment's guarantee of effective assistance of counsel requires a lawyer to "undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary." *Commonwealth v. Basemore,* 744 A.2d 717, 735 (Pa. 2000) (citing *Strickland v. Washington,* 466 U.S. 668, 691

(1984)). The duty to investigate derives from counsel's function "to make the adversarial testing process work in the particular case." ***Strickland***, ***supra*** at 689. This duty encompasses the need to explore avenues of defense, including possible defense witnesses. "[T]hat testing process generally will not function properly unless defense counsel has done some investigation into the prosecution's case and into various defense strategies[.]" ***Kimmelman v. Morrison***, 477 U.S. 365, 384 (1986) (citation omitted).

With respect to counsel's failure to present the testimony of T.L. and C.L., we note the distinction between a claim that counsel neglected to call a witness and a claim that counsel failed to interview a witness. Obviously, trial counsel cannot elicit the testimony of a witness unknown to him, nor is counsel in a position to assess as a matter of trial strategy whether a particular witness would be helpful if the attorney does not know what the witness might say. Therefore, it can be unreasonable *per se* to conduct no investigation into known witnesses. ***Commonwealth v. Stewart***, 84 A.3d 701, 712 (Pa.Super. 2013) (*en banc*).

Appellant largely confines his argument to this point; *i.e.*, he maintains that it was unreasonable *per se* not to interview or speak to T.L. and C.L. since these witnesses were mentioned in materials provided during discovery as being present in the home at the time of these crimes. However, even if

counsel's actions were constitutionally unreasonable, the PCRA petitioner must still establish prejudice.

> Appellant's penultimate issue is that trial counsel was ineffective in failing to interview and present the testimony of four witnesses. . . . Neglecting to call a witness differs from failing to investigate a witness in a subtle but important way. The failure to investigate presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation. It can be unreasonable *per se* to conduct no investigation into known witnesses. Importantly, a petitioner still must demonstrate prejudice. . . .
>
> In this respect, a failure to investigate and interview a witness claim overlaps with declining to call a witness since the petitioner must prove: (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Pander***, 100 A.3d 626, 638–39 (Pa.Super. 2014) (*en banc*) (quotation marks and citations omitted)

The trial court determined that Appellant failed to establish prejudice since T.L. and C.L. did not testify at the PCRA hearing. We agree. Assuming, *arguendo*, that PCRA counsel ineffectively failed to investigate[1]

---

[1] Trial counsel testified that Appellant mentioned T.L. and C.L. as witnesses, and counsel asked Appellant to provide contact information and/or have the witnesses contact him. "[D]ifferent light falls upon counsel's performance depending upon whether he asked and was not told, or he did not ask and therefore was not told." ***Commonwealth v. Basemore***, 744 A.2d 717, 735 (Pa. 2000). Since we find that Appellant failed to prove prejudice, we need not determine whether counsel's failure to further investigate the named

*(Footnote Continued Next Page)*

these witnesses, Appellant has offered no proof whatsoever that he was prejudiced by these failures, since the witnesses did not testify at the PCRA hearing. Any notion that Appellant was prejudiced rests on sheer speculation that the witnesses would have ultimately offered helpful testimony. Guesswork cannot serve to satisfy Appellant's burden. The prejudice inquiry requires an analysis of the **testimony** that these witnesses would have offered, not simply proof that counsel ineffectively failed to interview the witnesses[2]. **See Commonwealth v. Dennis**, 950 A.2d 945, 964 (Pa. 2008) ("Appellant failed to carry his burden before the PCRA court. . . . without [the witnesses'] testimony Appellant cannot demonstrate prejudice sufficient to establish ineffectiveness of trial counsel."). Similarly, Appellant has failed to plead and prove his claim of ineffective assistance by declining to present the witnesses at the evidentiary hearing. **Compare Commonwealth v. Stewart**, **supra** (affirming grant of new trial where trial counsel failed to interview alibi witness who testified at the evidentiary

_(Footnote Continued)_ ————————

witnesses in light of their familial relationship to Appellant was reasonable under the second **Pierce** prong.

[2] The only discussion of prejudice is Appellant's argument that "Here, both [T.L. and C.L.] were present in the home at the time of the alleged incident, making them eye witnesses. . . . Thus, their testimony would have been highly relevant, and could have led to a different outcome at trial." Appellant's brief at 13. However, establishing prejudice requires much more than relevant evidence; it requires a reasonable probability that the result would have been different.

hearing). "If a petitioner fails to prove any of [the ineffectiveness] prongs, his claim fails." ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013).

We now address Appellant's second claim, which is that trial counsel ineffectively failed to present mitigating circumstances to the sentencing court. Appellant avers that counsel failed to inform the trial court that Appellant had attempted to commit suicide and that Appellant had been sexually assaulted in the past. The trial court's opinion indicates that trial counsel raised Appellant's suicide attempt at an earlier juncture in the proceedings and the court was aware of that fact at sentencing. Additionally, Appellant admitted that he never told his counsel about the prior assault. N.T., PCRA Hearing, 5/16/16, at 24. Appellant not only fails to explain why or how counsel should have independently uncovered this information, he fails to explain how he was prejudiced by the failure to do so. Therefore, Appellant is not entitled to a new sentencing hearing.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2017